Henry F. Norcott and James M. McManus, Partners as H. F. Norcott & Co., Defendants in Error, v. Carrie L. Downe and George E. Downe, Plaintiffs in Error.

Gen. No. 17,282.

1. BROKERS—*sufficiency of evidence in action for commission.* In an action by brokers for a commission alleged to have been earned upon a sale of the defendant's property, evidence held to sustain a finding for the plaintiffs.

2. APPEAL AND ERROR—*review of conflicting evidence.* A determination by a trial court as to the credibility of witnesses on conflicting evidence is conclusive on appeal.

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

STRONG & MECHAM and WARREN B. WILSON, for plaintiffs in error.

JOHN S. HUMMER, for defendants in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this case recovery was had by the defendants in error against the plaintiffs in error for a commission claimed to have been earned by them in the sale of the residence property of the plaintiffs in error.

Only questions of fact are involved. It is the contention of the plaintiffs in error that the sale was one that they had made themselves before the defendants in error had anything to do with the matter, and that this was known to the defendants in error; that the defendants in error were promised a commission only upon the condition that they secured a better price than $17,500, and that the defendants in error were unfaithful in that they did not attempt to pro-

cure $22,500 for the property, as they were instructed. It is further charged that the defendants in error did not properly conduct the transaction with the proposed purchaser, in that they offered the property at a lower price than directed to do.

The case was tried before the court without a jury. We have carefully examined the abstract of record and briefs and arguments in the case, and are unable to say that the conclusion reached by the trial judge was erroneous. In some particulars the testimony seems to have been conflicting. The trial judge having before him the witnesses was in much better position to determine their credibility, respectively, or the lack of it than are we.

*Affirmed.*